Doty vs. Janes.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.

DOTY v. JANES.

PROMISSORY NOTE — PAYMENT — EVIDENCE: — *Possession of uncancelled instrument, where the proof is otherwise evenly balanced.*

1. Where the defense of payment is interposed in an action upon a note or other security, and the testimony is conflicting and evenly balanced, the possession by the plaintiff of the uncancelled security is a material circumstance, and should turn the scale in his favor, unless satisfactorily explained by defendant.

2. In this case, where the defendant claims the credit of an indorsement of $50 appearing upon the note in suit, and also an additional credit of like amount evidenced by a separate receipt of different date, signed by plaintiff's agents, but fails to testify positively to the payment at different dates of two distinct sums, each of that amount, and states that he relies wholly upon the *written* evidence of such payments, the presumption of the payment by him of *two* such sums, arising out of the two written evidences thereof of different dates, is overcome by the positive testimony of the plaintiff that but one such sum had been received, and giving a clear explanation of the manner in which more than one written evidence of the payment had been given; such testimony being supported by plaintiff's *possession* of the uncancelled note, by an indorsement thereon in *defendant's* handwriting, showing payment of interest to a time subsequent to the day when the latter claimed the note was paid up, and by other facts.

APPEAL from the Circuit Court for *Winnebago* County.

Action to foreclose a mortgage given to secure a note upon which certain payments had been made. Complaint in the usual form. Answer, payment. The court held that defendant had the affirmative of the issue. The note was for $100, and was dated May 25, 1868, but had two indorsements as follows: "Received $10, being interest to May 25, 1869;" and "Received on the within note $50, April 17, 1869." The plaintiff claimed that these indorsements showed all that had

been paid on the note. The defendant insisted that in addition to these two indorsements, he had paid $50 on this note March 25, 1869, and introduced in evidence a receipt from Jackson and Halsey, agents of plaintiff's mother, then owner of the note, and since deceased, given him on that date, as follows, " March 25, 1869, Oshkosh, Wisconsin. Received of H. C. Janes $50, same to apply as principal and interest on notes I hold against him." The plaintiff's explanation of this receipt, in her testimony, was, that although the defendant in fact paid $50 on that day to her mother's agents, who at once paid it over to her mother, yet no application was made of it until April 17, 1869, at which date her mother had an interview with defendant, who then paid her $30 more, and application was then made of that sum and of the $50 paid on March 25, 1869. Plaintiff's mother at that time held two other notes against the defendant, of $100 each, and of the same date as the note in suit. The money was applied, as plaintiff testified, as follows : $20 of the $50 paid March 25, to payment of the interest due on the two other notes, being $10 on each, which amounts were endorsed on them, but no date given ; to the remainder of that sum was added $20 of the $30 paid then, making $50, which was indorsed on the note in suit as of that date, April 17, 1869. The remaining $10 of the $30 paid on the day last mentioned was indorsed on the note in suit, as interest paid to May 25, 1869. All the indorsements, it was admitted, were in the handwriting of defendant. The defendant's testimony conflicted with that of the plaintiff in several particulars, which sufficiently appear in the opinion of the court. The only other material testimony, that of Mr. Halsey, is also stated in the opinion. The court found as facts that payments were made as stated in the indorsements on the note in suit, and in addition thereto the sum of $50 as principal on the 25th of March, 1869 ; and that by these payments the note was fully satisfied ; and it rendered judgment accordingly; from which the plaintiff appealed.

*Jackson & Halsey*, for appellant, argued from the evidence that the court erred in its finding of facts, and that the plaintiff's testimony was corroborated by several circumstances: first, possession of the note; secondly, the *language* of the receipt; and thirdly, the indorsement of interest to a *future* time on the note in defendant's handwriting; that if it be conceded that the defendant's testimony was as positive and competent on one side as that of the plaintiff on the other, still the possession of the uncancelled security, under the rule laid down by Lord ELLENBOROUGH, ought to turn the scales in plaintiff's favor. *Brembridge v. Osborne*, 1 Starkie, 374; Chitty on Bills, 458; 1 Greenleaf's Ev., § 38.

*Moses Hooper*, for respondent:

The question is, Was the fifty dollars paid to Jackson & Halsey, the same fifty dollars as that indorsed on the note on the 17th of April, 1869? If it was not the same, the judgment should be affirmed. The appellant alleges that it was the same. Here the affirmative is, that the money specified in an indorsement bearing date April 17th, was the same money as that specified in a receipt dated March 25th. It is something more than burden of proof; it is a contradiction of the receipt, or the indorsement. For the object of a date to an indorsement is to show time of payment, and it is necessary to the calculation of interest as well as to the determination of the identity of payments. Besides, the common method of doing business, if these payments had been the same, would have been to specify in the indorsement, that a receipt for the same money had been given, or to have the receipt cancelled when the indorsement was made. No attempt is made to explain why neither of these things was done. The only evidence outside of the papers is the testimony of the plaintiff and defendant, equally positive, equally interested, and plainly contradictory. *Janes* says the payments were not the same; that the money indorsed on April 17th was paid on that day; and he states fully the

reason why an indorsement was not also made of the fifty dollars covered by the receipt.

With the testimony of witnesses evenly balanced (which is the most the plaintiff can claim in this respect), and the case on the papers and pleadings in favor of the defendant, this court should not reverse the judgment of the court below.

DIXON, C. J. This case presents a question of fact only, which is, whether the $50 specified in the receipt by Jackson & Halsey was applied, as testified by the plaintiff, or whether it was not so applied, and whether the defendant is consequently entitled to a credit for that amount in satisfaction of the note. The plaintiff testifies positively that the sum mentioned in the receipt was applied—$20 of it to the payment of interest on the two notes subsequently transferred to Luscher for Eilert, and indorsed on those notes, and the other $30 to the payment of so much of the principal of the note in suit, and which is included in and constitutes part of the $50 indorsed under date of April 17th, 1869. She gives the particulars of the transactions, and states when, where and how the other $20, to make up the $50 indorsement, were paid, and also the $10 indorsed for interest. Her statements are corroborated by several facts and circumstances. The possession of the uncancelled security is a strong circumstance in her favor. *Brembridge v. Osborne*, 1 Starkie, 374 [2 E. C. L., 433]. And especially is it so here, where it appears that the $50 indorsement, as well as the $10 indorsement for interest, is in the hand-writing of the defendant, who, if his position is correct, was at that time entitled to the possession of the note, because the same had been fully paid. The circumstance of the note being thus left uncancelled in the possession of the plaintiff, or of her mother who then held it, when, as claimed by the defendant, it was in fact paid, is by no means satisfactorily explained. The receipt, too, was for "$50, same to apply as principal and interest on *notes* I hold against him." This cor-

Doty vs. Janes.

roborates the plaintiff, by showing that the payment was to be distributed or applied to more than one note, as she testifies it in fact was.

She is directly sustained, also, by the testimony of Mr. Halsey as to the conversation between himself and the defendant at Luscher's office, when defendant said he wanted to take up the note soon, implying that it was still in part unpaid, and at the same time said nothing about having the receipt for $50 against or to be applied upon it.

But the circumstance which most strongly impresses our minds, and which we think decisive, is, that the defendant himself does not testify to any distinct or separate payment of the $50 indorsed, either on the day of indorsement or at any other time. When pressed upon that point he evades, and answers that he thinks the $50 was paid because he finds it indorsed, and because he would not have indorsed it unless it was paid. He says: " I have no means of knowing, only as the indorsements were made. I never kept a cash account, but paid the money as indorsed. I have no means of knowing, only as the indorsements were made." He does not anywhere testify to the payment of the $50 indorsed, aside from the money specified in the receipt. He does not come to the point of a direct or positive denial of the facts sworn to by the plaintiff. The contradiction by his testimony is inferential merely, and of the weakest possible kind. It adds little or nothing to the evidence afforded by the receipt, which of itself does not prove a payment upon the note.

We are compelled to differ, therefore, from the learned judge of the circuit court, in our conclusion with respect to the payment of the fifty dollars claimed to have been made by the defendant, but which was denied by the plaintiff, and to hold, as we think the evidence clearly preponderates, that such payment was not proved.

The judgment appealed from must be reversed, and the cause remanded with directions to enter judgment in favor of the

plaintiff for the amount appearing to be her due, according to the facts as found by this court.

*By the Court.* — It is so ordered.